Opinion
ROBERSON, J.
This appeal is a challenge to an order in an unlawful detainer case requiring appellant to pay legal fees to respondent, the prevailing party, pursuant to Civil Code section 1717.[1] Appellant contends it should not be required to pay the fees because respondent did not actually incur them. Appellant also claims that if the legal fees are available under section 1717, the court erred in awarding them to respondent’s trial counsel, rather than to respondent.
I
Appellant, a landlord, filed an unlawful detainer action against respondent, its tenant, when respondent failed to pay rent or leave the premises after receiving an appropriate statutory notice. Respondent employed Bet Tzedek Legal Services (hereafter Bet Tzedek) to represent him in the action. Bet Tzedek did not charge respondent a fee for its services.
Respondent prevailed in the action; he retained possession of the premises and was not ordered to pay the back rent which appellant had requested in its complaint. As the prevailing party, respondent filed a motion for attorney fees under section 1717. After a hearing on the matter, the trial court ordered appellant to pay $1,500.
 Appellant filed a timely notice of appeal.[2]
II
Appellant contends the trial court erred in awarding attorney fees under section 1717. The attack is two-pronged: respondent did not incur *Supp. 10 any legal fees and Bet Tzedek is not a party to the action. In this published portion of the opinion we address the first issue, that respondent did not actually incur any legal fees.
A party is entitled to an award of attorney fees if there is a specific authorization therefor by statute or private agreement. (Code Civ. Proc., § 1021; Consumers Lobby Against Monopolies v. Public Utilities Com. (1979) 25 Cal.3d 891, 906 [160 Cal.Rptr. 124, 603 P.2d 41].) The attorney fees in the instant case were awarded under section 1717, pursuant to a written lease agreement which authorized the payment of fees.
The fees provision of the agreement provides: “If suit is brought by either party hereto to enforce any of the terms of this document, then the successful party shall be entitled to recover all of its costs, including, but not limited to, attorneys fees actually paid or to be paid by the successful party. If the attorney for the successful party is not going to charge such successful party, then the successful party shall not be entitled to an award of attorneys fees.”[3]
Section 1717 provides in pertinent part: “(a) In any action on a contract, where the contract specifically provides that attorney’s fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney’s fees in addition to other costs.”
Section 1717 applies to the instant agreement since the fees provision entitles a successful party to attorney fees incurred to enforce the agreement. And respondent was the prevailing party, receiving continued possession of the premises. (Strickland v. Becks (1979) 95 Cal.App.3d Supp. 18, 21 [157 Cal.Rptr. 656] [right to possession in unlawful detainer action is main object of suit and determines who is prevailing party]; see also Beneficial Standard Properties, Inc. v. Scharps (1977) 67 Cal.App.3d 227 *Supp. 11 [136 Cal.Rptr. 549] [use of term “successful party” in lease is synonymous with term “prevailing party” used in § 1717].)
Appellant contends, however, that section 1717 requires the prevailing party to have actually incurred legal fees to collect them from the other party. Respondent, on the other hand, would not restrict recovery under section 1717 to reimbursement of fees actually incurred by the prevailing party, but would allow recovery of fees and costs actually incurred by the prevailing party’s attorney in defending the suit arising under the agreement.
When called upon to interpret a statute, an appellate court begins with the fundamental canon of construction that a court “ ‘should ascertain the intent of the Legislature so as to effectuate the purpose of the law.’ [Citation.]” (Moyer v. Workmen’s Comp. Appeals Bd. (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) We first turn to the words themselves. (Ibid.)
Section 1717 does not expressly require the prevailing party to incur legal expenses. The statute simply provides that a prevailing party is entitled to attorney fees and costs, “which are incurred to enforce that contract.” (§ 1717, subd. (a), italics added.)
Thus, the statute is ambiguous. It does not state who, the prevailing party or the attorney representing him, must incur the legal fees and costs. We therefore turn to the legislative purpose and history of the statute to determine whom the Legislature intended to incur the expenses compensable under section 1717. (Moyer v. Workmen’s Comp. Appeals Bd., supra, 10 Cal.3d at p. 231.)
“Section 1717 was enacted to establish mutuality of remedy where contractual provision makes recovery of attorney’s fees available for only one party (International Industries v. Olen (1978) 21 Cal.3d 218, 223 [145 Cal.Rptr. 691, 577 P.2d 1031]; System Inv. Corp. v. Union Bank (1971) 21 Cal.App.3d 137, 163 [98 Cal.Rptr. 735]; Review of Selected 1968 Code Legislation (Cont.Ed.Bar [1969]) pp. 35-36), and to prevent oppressive use of one-sided attorney fee provisions. (Coast Bank v. Holmes (1971) 19 Cal.App.3d 581, 596-597 [97 Cal.Rptr. 30].)” (Reynolds Metals Co. v. Al-person (1979) 25 Cal.3d 124, 128 [158 Cal.Rptr. 1, 599 P.2d 83].)
These two purposes compel us to interpret section 1717 to provide a reciprocal remedy for a prevailing party who has not actually incurred legal fees, but whose attorneys have incurred costs and expenses in defending the prevailing party on the underlying agreement. Had appellant (the landlord) *Supp. 12 prevailed in this action, respondent clearly would have been liable for attorney fees pursuant to the agreement’s fees provisions. (See North Associates v. Bell (1986) 184 Cal.App.3d 860, 867 [229 Cal.Rptr. 305] [landlord successful in unlawful detainer action entitled to attorney fees based on lease agreement].) Since respondent prevailed instead, he, too, may recover attorney fees pursuant to section 1717.
Moreover, the award of attorney fees under section 1717, as its purposes indicate, is governed by equitable principles. (International Industries, Inc. v. Olen, supra, 21 Cal.3d at p. 224.) We know from our own experience reviewing landlord/tenant disputes on appeal that the person who is most likely to need and receive free legal services is the tenant, not the landlord. Appellant’s interpretation would prevent many tenants from being entitled to attorney fees (under § 1717). Yet landlords and tenants who hire and pay private counsel could collect fees under section 1717. This result could discourage the representation by private counsel of those who cannot afford to pay attorney fees or costs.
Equity will not allow such a result. We conclude respondent was entitled to an award of attorney fees and costs under section 1717.
Ill*
IV
The order awarding respondent attorney fees is affirmed. Respondent to recover his costs on appeal.
Margolis, P. J., and Hinz, J., concurred.

All further statutory references, unless otherwise noted, are to the Civil Code.

The order is appealable as an order made after judgment. (Code Civ. Proc., § 904.2, subd. (b); Citizens Against Rent Control v. City of Berkeley (1986) 181 Cal.App.3d 213, 223 [226 Cal.Rptr. 265] [applying the rule to an order after judgment in superior court under identical provision of Code Civ. Proc., § 904.1, subd. (b)].)

 Neither party has mentioned the two portions of the lease provision which restrict the prevailing party’s right to attorney fees. Section 1717 expressly prohibits a waiver of attorney fees available thereunder. It also provides that waiver provisions in an agreement are void. (§ 1717, subd. (a).)
Here, there are two waiver provisions in the lease agreement. The first requires the successful party to have actually incurred fees before being entitled to recover them. The second is similar; it prohibits recovery of attorney fees if the successful party is not actually charged by his attorney. Pursuant to section 1717, both waiver provisions are void. The remaining portion of the fees provision is unaffected and intact, according to the agreement’s “savings clause.”

 See footnote, ante, page Supp. 7.