[No. B074843. Second Dist., Div. Seven. June 21, 1994.]

GARFIELD BANK, Plaintiff and Appellant, v.
STANLEY FOLB, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication. The portions directed to be published are: Statement of Facts, part II and the Disposition.

**COUNSEL**

Martin & McCormick, John D. Martin and Kathy J. McCormick for Plaintiff and Appellant.

Ezer, Sment & Williamson and Mitchel J. Ezer for Defendant and Respondent.

**OPINION**

**JOHNSON, J.—**

### STATEMENT OF FACTS

This appeal is from an order after judgment awarding attorney fees and costs to defendant Stanley Folb (Folb) and against plaintiff Garfield Bank (Garfield). The underlying case was tried before Judge Alfred L. Margolis, judge of the superior court (retired), sitting on stipulation of both parties.

In its second amended complaint, the operative complaint, Garfield alleged causes of action for declaratory relief, breach of contract, fraud, negligent misrepresentation, and constructive fraud. Garfield sought damages, costs, attorney fees and declaratory relief determining the validity of the lease between Garfield and Folb for the premises known as 6464 Sunset Boulevard, Hollywood, California.

The trial court entered judgment in favor of Folb on all counts, Garfield appealed, and this court affirmed the trial court.[1] After the trial court entered judgment in favor of Folb, Folb filed a motion of costs on or about April 23, 1992. Garfield filed a motion to tax costs along with supporting papers on or about May 19, 1992. After Folb filed its opposition and Garfield filed its reply to the opposition a hearing was held before Judge Margolis on November 10, 1992.

At the conclusion of the November 10, 1992, hearing, the court requested further information from the parties to determine whether Folb would receive full compensation for the services of Bradley Folb, in-house counsel.

---

[1]*Garfield Bank* v. *Stanley Folb* (June 24, 1993) B068545 [nonpub. opn.]. This court will take judicial notice of the information contained within the appeal.

After extensive briefing of the issue, the trial court entered its order granting attorney fees and costs to Folb on February 3, 1993. This separate appeal is taken from that order. Appellant Garfield raises two issues on appeal:

1. The trial court failed to apportion the attorney fees and costs incurred in connection with the claims based on constructive eviction and fraud; and

2. No case authority exists to support the award of attorney fees for work performed by Bradley Folb, in-house counsel.

## Discussion

I. *Civil Code Section 1717 Does Not Require the Apportionment of Attorney Fees and Costs in This Case.*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II. *The Trial Court Properly Awarded Reasonable Attorney Fees to Folb for the Services of Bradley Folb, In-house Counsel.*

This is an issue of first impression in this state. Although no case squarely addresses whether in-house counsel fees are recoverable, the purpose of Civil Code section 1717, analogous cases within California, and persuasive authority from other states draw us inexorably to the conclusion in-house counsel fees are recoverable in California where counsel is actively engaged in preparation of the case for trial.

 "Section 1717 does not expressly require the prevailing party to incur legal expenses. The statute simply provides that a prevailing party is entitled to attorney fees and costs, '*which are incurred* to enforce that contract' [Citation.]" (Italics in original.) (*Beverly Hills Properties* v. *Marcolino* (1990) 221 Cal.App.3d Supp. 7, 11 [270 Cal.Rptr. 605].) Thus, a prevailing party may recover attorney fees when represented by nonprofit legal counsel. (*Ibid.*) Similarly, in *Staples* v. *Hoefke*, the court allowed the lessor to recover attorney fees even though his defense was paid by his insurance carrier. (*Staples* v. *Hoefke* (1987) 189 Cal.App.3d 1397, 1409-1410 [235 Cal.Rptr. 165].) Attorneys who litigate their own claims are entitled to recover attorney fees under Civil Code section 1717. (*Renfrew* v. *Loysen* (1985) 175 Cal.App.3d 1105 [222 Cal.Rptr. 413]; *Leaf* v. *City of San Mateo* (1984) 150 Cal.App.3d 1184 [198 Cal.Rptr. 447].)

---

\*See footnote, *ante*, page 1804.

In awarding attorney fees in these cases, the courts look to the purpose of Civil Code section 1717. "Section 1717 was enacted to establish mutuality of remedy where contractual provision makes recovery of attorney's fees available for only one party [citations] and to prevent oppressive use of one-sided attorney's fees provisions. [Citations.]" (*Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124, 128 [158 Cal.Rptr. 1, 599 P.2d 83]; *Beverly Hills Properties, supra*, 221 Cal.App.3d Supp. 7, 11.) Allowing a party "to escape [their] obligation to pay the attorney's fees required under the contract simply because the attorney chose to rely on her own professional skill rather than hire another attorney would create a windfall for the [losing party] at the tangible expense of the prevailing party[]." (*Renfrew* v. *Loysen, supra*, 175 Cal.App.3d at p. 1109.) The utilization of an attorney's time in prosecuting or defending a case represents lost opportunities to utilize that time in another productive manner. (See *Leaf* v. *City of San Mateo, supra*, 150 Cal.App.3d at p. 1188 [citing *Consumers Lobby Against Monopolies* v. *Public Utilities Com.* (1979) 25 Cal.3d 891, 915, fn. 13 [160 Cal.Rptr. 124, 603 P.2d 41], disapproved on other grounds *Kowis* v. *Howard* (1992) 3 Cal.4th 888] [12 Cal.Rptr.2d 728, 838 P.2d 250].)

The United States Supreme Court has likewise allowed a prevailing party to collect reasonable attorney fees where the party was represented by nonprofit counsel. (*Blum* v. *Stenson* (1983) 465 U.S. 886, 895 [79 L.Ed.2d 891, 899-900, 104 S.Ct. 1541].) While the court was addressing the availability of attorney fees under The Civil Rights Attorney's Fees Awards Act of 1976, (40 U.S.C. § 1988 (1976 ed. Supp. V)),[4] the language is sufficiently similar for us to infer nonprofit legal fees are "reasonable attorney fees." The federal courts have also allowed the United States to collect attorney fees for government-employed attorneys. (*United States* v. *Myers* (5th Cir. 1966) 363 F.2d 615, 621.)[5] In interpreting Pennsylvania law and awarding attorney fees for an insured's use of in-house counsel, the United States Court of Appeals for the Third Circuit stated, "[t]here is no reason in law or in equity why the insurer should benefit from [the insured's] choice to proceed with some of the work through its own legal department." (*Pittsburgh Plate Glass Co.* v. *Fidelity & Casualty Co. of N.Y.* (3d Cir. 1960) 281 F.2d 538, 542.) Similarly, the court in *Zacharias* v. *Shell Oil Co.* (E.D.N.Y. 1984) 627 F.Supp. 31, allowed the prevailing party to recover an hourly rate for in-house counsel so long as the work was not "unnecessarily duplicative." (*Zacharias, supra*, at

---

[4]This section provides, in part: "In any action or proceeding to enforce a provision . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the cost."

[5]"A different result is not required merely because the attorneys representing the United States are Government employees, and are paid a salary by the United States for performing their services." (*Myers, supra*, 363 F.2d at p. 621.)

p. 34.) While the Ninth Circuit has had no cause to determine the availability of attorney fees for in-house counsel, the court has stated, "we would hesitate to adopt a per se rule, as the district court did, and bar attorney's fee awards for in-house counsel whenever fees are authorized by contract." (*Milgard Tempering, Inc.* v. *Selas Corp. of America* (9th Cir. 1985) 761 F.2d 553, 557-558 [interpreting Washington law].)

Various states have grappled with this issue and we can garner useful insights from their reasoning. The Court of Special Appeals of Maryland stated, "[i]f a statute or rule permits the allowance of a reasonable attorney's fee . . . it is not unreasonable to base the fee on 'prevailing market rates' in the community, whether the prevailing party is represented by retained counsel, *in-house counsel,* or non-profit counsel." (*U.S. Health, Inc.* v. *State* (1990) 87 Md.App. 116 [589 A.2d 485, 492], italics added, cert. den., 324 Md. 69 [595 A.2d 482].) In the present case, the court used the prevailing market rate to appellant's benefit because it recognized that the salary of Bradley Folb was due to the relationship he had with Stanley Folb and not his experience in the market. Appellant does not argue that the trial court improperly calculated the award, only that it was precluded from awarding fees for in-house counsel.

The Court of Appeals of Texas, in deciding the issue of whether awarding fees for in-house counsel, was also without the benefit of case law on point. (*Tesoro Petroleum Corp.* v. *Coastal Refining* (Tex.Ct.App. 1988) 754 S.W.2d 764, 766.) That court awarded the fees because "the award of reasonable attorney's fees for services performed by in-house counsel compensates the prevailing party for time counsel could have spent on other corporate matters. [Citations.]" (*Id.* at pp. 766-767.) The Supreme Court of Alaska, in clarifying a previous position with regard to the award of fees for in-house counsel stated, " '[w]e [do] not intend to express a prohibition against awarding attorney's fees when a party's active representation in litigation is by in-house counsel rather than retained counsel.' [Citation.] We now hold that, where a party is represented by both private counsel and in-house counsel who actively participate in the preparation of the case, the party may recover partial fees for both private and in-house counsel." (*B-E-C-K Constructors* v. *State Dept. of Hwys.* (Alaska 1979) 604 P.2d 578, 585.)

As noted above, the overall concern of Civil Code section 1717 is that the award of attorney fees be reciprocal and reasonable. The trial court spent a great deal of time in determining the reasonableness of the fees awarded for the time spent by Bradley Folb. Because disallowing fees for in-house counsel would provide a windfall for appellant, we can see no reason to

distinguish the lost opportunities from actual expenditures on outside counsel. Since Bradley Folb was actively participating in the underlying litigation, we hold the trial court did not abuse its discretion in awarding attorney fees for Bradley Folb's services as in-house counsel.

## DISPOSITION

The judgment is affirmed. Respondent to recover costs and attorney fees on appeal.

Lillie, P. J., and Woods (Fred), J., concurred.

Appellant's petition for review by the Supreme Court was denied September 8, 1994.