Filed 6/14/16

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| INTELLIGENT INVESTMENTS CORP., | ) | No. BV 031101 |
| Plaintiff and Respondent, | ) | Central Trial Court |
| v. | ) | No. 14U06637 |
| MIGUEL GONZALES, | ) | |
| Defendant and Appellant. | ) | **OPINION** |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert S. Harrison, Commissioner. Reversed.

Daniel J. Bramzon, Ross T. Kutash and Claudia Medina of BASTA, Inc. for Defendant and Appellant Miguel Gonzales.

Dennis P. Block of the Law Offices of Dennis P. Block & Associates for Plaintiff and Respondent Intelligent Investments Corp.

\* \* \*

Defendant and appellant Miguel Gonzales appeals the court's denial of his motion for attorney fees after the voluntary dismissal by plaintiff and respondent Intelligent Investments Corporation of its unlawful detainer action. Defendant contends he was entitled to attorney fees pursuant to the fee shifting provision under Los Angeles Municipal Code (LAMC) section 162.09(A)(5), which applies to unlawful detainer actions involving property in the City of Los Angeles's Rent Escrow Account Program (REAP), and therefore Civil Code section 1717, subdivision (b)(2),[1] did not bar recovery of fees. We agree and reverse the order.

*BACKGROUND*

On June 2, 2014, plaintiff filed an unlawful detainer action against defendant based on service of a three-day notice to perform covenants or quit. Attached to the complaint was a rental contract for the subject premises executed by defendant and landlord Gumersindo Bautista. Defendant answered the following week, generally denying each allegation in the complaint and asserting several affirmative defenses, including breach of the warranty of habitability, violation of the Los Angeles Rent Stabilization Ordinance, and retaliation. Two weeks later, plaintiff voluntarily dismissed the action.

On July 25, 2014, defendant filed a motion for attorney fees. Defendant argued the property was in REAP[2] when plaintiff commenced the unlawful detainer action and that, pursuant to LAMC section 162.09(A)(5), he was entitled to attorney fees as the prevailing party. In support of his motion, defendant submitted: a declaration stating he normally paid his rent to REAP; documentation showing plaintiff had notice the property was in REAP as of December 19, 2013; and receipts dated May 6, 2014, and June 2, 2014, reflecting payments defendant made to the REAP account.

On September 2, 2014, the court denied defendant's motion on the ground he had no basis for recovering attorney fees.

---

[1]All further statutory references are to the Civil Code unless otherwise specified.

[2]REAP (LAMC, §§ 162.00-162.12) was created to provide a method to enforce the Housing Code and to encourage compliance from landlords with regard to maintenance and repair of buildings. (LAMC, § 162.01.)

*DISCUSSION*

"A request for an award of attorney fees is largely entrusted to the discretion of the trial court, whose ruling 'will not be overturned in the absence of a manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence. [Citations.]' [Citation.] The trial court exercises a particularly 'wide discretion' in determining who, if anyone, is the prevailing party for purposes of section 1717[, subdivision ](a). [Citations.] To overturn that determination on appeal, the objecting party must demonstrate 'a clear abuse of discretion.' [Citation.] However, the 'determination of the legal basis for an award of attorney fees' is a 'question of law' which the reviewing court will examine de novo. [Citation.]" (*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 894.)

*Entitlement of Prevailing Party to Recover Attorney Fees*

With respect to attorney fees incurred to litigate a contract claim, the recovery of such fees are governed by section 1717. Subdivision (a) provides in part: "In any action on a contract, where the contract specifically provides that attorney's fees . . . incurred to enforce that contract, shall be awarded . . . , then the party who is determined to be the party prevailing on the contract, . . . shall be entitled to reasonable attorney's fees . . . ." However, subdivision (b)(2) "sets forth an exception to the general entitlement to *contractual* attorney fees." (*CDF Firefighters v. Maldonado* (2011) 200 Cal.App.4th 158, 164, italics added.) Under this exception, "[w]here an action has been voluntarily dismissed . . . , there shall be no prevailing party for purposes of this section." (§ 1717, subd. (b)(2).) According to plaintiff, section 1717, subdivision (b)(2), precluded the recovery of attorney fees in this case.

But, defendant did not seek *contract*-based attorney fees. Rather, he sought attorney fees under LAMC section 162.09, which applies specifically to unlawful detainer actions involving properties in REAP. Subdivision (A)(5) of this section provides: "In any action by a landlord to recover possession of a rental unit, the tenant may raise as a defense any grounds set forth in this section. If the tenant is the prevailing party, he or she shall be entitled to recover reasonable attorneys' fees and expenses." Thus, section 1717, subdivision (b)(2), does not

3

apply in this case.  "[S]ection 1717[, subdivision] (b)(2) has no application where, as here, attorney fees were not sought under a contract, but pursuant to [a fee-shifting] statute[.]" (*Parrott v. Mooring Townhomes Assn., Inc.* (2003) 112 Cal.App.4th 873, 878.)  Put another way, "recoverable litigation costs do include attorney fees when the party entitled to costs has an independent statutory basis upon which to claim recovery of attorney fees.  [Citation.]" (*Damian v. Tamondong* (1998) 65 Cal.App.4th 1115, 1129, citing *Santisas v. Goodin* (1998) 17 Cal.4th 599, 606-607.)  Such is the case here.

Plaintiff argues defendant waived any claim this case involved REAP by not alleging that fact or asserting it as a defense in his answer, and that he was therefore estopped from asserting it as a basis for fees after the case was dismissed.  However, plaintiff does not connect the burden to plead a particular statutory defense in an answer to a defendant's right to ultimately recover attorney fees.  Rather, the cases cited by plaintiff in support of its argument[3] concern the timing of two separate, but identical, assertions of an affirmative defense and stand for the general proposition that a defendant is precluded from asserting, after trial or on appeal, an affirmative defense that was not made at trial.  It seems quite different to draw the conclusion that a defendant is estopped from seeking attorney fees under a specified statutory scheme unless the defendant pled, in its answer, that the status of the property at issue renders a prevailing defendant eligible for attorney fees pursuant to that same statutory scheme.  Indeed, plaintiff cites no authority that goes this far, and to do so would seem to expand the answer to something more than a formal written pleading by a defendant setting forth the grounds of his or her defense.[4]

Moreover, defendant did assert as an affirmative defense in his answer that plaintiff

---

[3]See *Ekstrom v. Marquesa at Monarch Beach Homeowners Assn.* (2008) 168 Cal.App.4th 1111, 1123; *California Academy of Sciences v. County of Fresno* (1987) 192 Cal.App.3d 1436, 1442.

[4]Black's Law Dictionary defines "answer" as "A defendant's first pleading that addresses the merits of the case, . . . [and] usu[ally] sets forth the defendant's defenses and counterclaims." (Black's Law Dict. (7th ed. 1999) p. 90, col. 2.)  "Affirmative relief may not be claimed in the answer" (Code Civ. Proc., § 431.30, subd. (c)) and unlawful detainer cases are unique in that, due to the summary nature of the proceedings, counterclaims are not considered (*Green v. Superior Court* (1974) 10 Cal.3d 616, 632; accord, *Drybread v. Chaipain Chiropractic Corp.* (2007) 151 Cal.App.4th 1063, 1072).

"served defendant with the notice to quit or filed the complaint to retaliate against defendant." Retaliation is a "ground" set forth in LAMC section 162.09. Subdivision (A)(4) of this section provides as relevant: "If the dominant intent of a landlord in seeking to recover possession of a rental unit is retaliation for the tenant's . . . exercise of rights or duties under this article, and if the tenant is not in default as to the payment of rent, then the landlord may not recover possession of a rental unit in any action or proceeding or cause the tenant to quit voluntarily. Until the unit is removed from REAP and for one year thereafter, the landlord shall have the burden of proving that any action to recover possession, other than one based on nonpayment of rent, is not brought for the purposes of retaliation." Evidence submitted in support of defendant's motion for attorney fees—including a declaration from defendant stating he normally paid his rent to REAP, documentation showing plaintiff had notice the property was in REAP as of December 19, 2013, and receipts for May 2014 and June 2014 reflecting payments defendant made to the REAP account before and at the time the complaint was filed—demonstrated plaintiff was aware the property was in REAP and that, per LAMC section 162.09(A)(4), defendant "[wa]s not in default as to the payment of rent."[5]

Assuming defendant was the prevailing party, he was entitled to an award of his reasonable attorney fees under LAMC section 162.09(A)(5).

*The Prevailing Party*

The trial court did not indicate whether it found either party to be the prevailing party. Rather, the minute order denying defendant's motion for attorney fees stated simply the motion was denied and did not indicate the basis for the ruling. Further, although LAMC

_____

[5]We also note, without additional discussion, it is not entirely clear that a tenant is required to assert a REAP-related defense to an unlawful detainer action in order to recover attorney fees as the prevailing party. Although LAMC section 169.02(A)(5) both (1) permits tenants to assert their rights under REAP as a defense to an unlawful detainer action, and (2) grants tenants who prevail in the action the right to recover "reasonable attorneys' fees and expenses," it does not by its terms limit the recovery of attorney fees to only those tenants who prevail on a defense set forth in this section. Rather, it appears to permit the recovery of attorney fees by any tenant of a property in REAP who prevails on any ground.

We reject plaintiff's suggestion that the court impliedly found no violation of LAMC section 162.09 to support a claim for attorney fees. No such finding was necessary to the court's disposition of defendant's motion.

5

section 162.09(A)(5) states unequivocally, a tenant who prevails in "any action by a landlord to recover possession of a rental unit . . . shall be entitled to recover reasonable attorney's fees," it does not define "prevailing party."

In *Salehi v. Surfside III Condominium Owners Assn.* (2011) 200 Cal.App.4th 1146 (*Salehi*), where the statute under which attorney fees were sought also did not define "prevailing party," the court noted "'[t]he words "shall be [entitled to recover]" reflect a legislative intent that [the prevailing party] receive attorney fees *as a matter of right* (and that the trial court is therefore *obligated* to award attorney fees) whenever the statutory conditions have been satisfied.' [Citation.]" (*Id.* at p. 1152.) This in turn required the trial court to analyze "'which party . . . prevailed on a practical level.' [Citation.])" (*Id.* at p. 1153, quoting *Heather Farms Homeowners Assn. v. Robinson* (1994) 21 Cal.App.4th 1568, 1574; see also *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 150 ["the court should adopt a pragmatic approach, determining prevailing party status based on which party succeeded on a practical level" in achieving its overall litigation objectives]; *Galan v. Wolfriver Holding Corp.* (2000) 80 Cal.App.4th 1124, 1129 (*Galan*).)

In the present case, as noted, the record does not indicate whether the court engaged in any such analysis. But, unlike cases in which this analysis may require extensive or additional fact-finding,[6] the determination of which party prevailed in an unlawful detainer action is generally straightforward. "'[T]he primary purpose of an unlawful detainer action is to obtain the possession of real property in the cases specified by statute. [Citations.]' . . . . The judgment, if any, for damages and the rent found due . . . is a mere incident to the main object—the recovery of possession. [Citations.] The plaintiff was not the prevailing party insofar as the primary purpose of the action which she instituted; . . . The defendant, on the other hand, . . . prevailed by defeating the plaintiff's claim to possession . . . ." (*Strickland v.*

---

[6]For example, whether there was "willful and malicious misappropriation" for recovery of fees under section 3426.4 (see *Khavarian Enterprises, Inc. v. Commline, Inc.* (2013) 216 Cal.App.4th 310, 328-329); or whether a landlord demanded rent under the conditions specified in section 1942.4, subdivision (a), for the purpose of recovering attorney fees under that section (see *Galan, supra,* 80 Cal.App.4th at p. 1129.)

*Becks* (1979) 95 Cal.App.3d Supp. 18, 21; see also *Beverly Hills Properties v. Marcolino* (1990) 221 Cal.App.3d Supp. 7, 10 [citing *Strickland v. Becks* for the proposition that "right to possession in unlawful detainer action is main object of suit and determines who is prevailing party" for the purpose of awarding attorney fees under section 1717].)

Even in cases involving the pretrial dismissal of an action, the defendant may be found to be the prevailing party for the purpose of awarding attorney fees. For example, the dismissal of a case involving a construction contract dispute "achieved one hundred percent of the 'precise factual/legal condition' [the defendant] 'sought . . . .' The most [the defendant]—or any other civil defendant—ordinarily can hope to achieve is to have the plaintiff's claim thrown out completely. This is exactly what happened here. In 'pragmatic' terms, it does not make any difference whether this total victory comes only after a jury reaches a verdict as to each and every substantive issue or whether, as here, it comes through a judge's decision the plaintiff waited too long to serve its complaint on the defendant. In any practical sense of the word, the defendant 'prevailed.'" (*Winick Corp. v. Safeco Ins. Co.* (1986) 187 Cal.App.3d 1502, 1508.) Similarly, despite the plaintiff's claim in *Salehi* that she dismissed the case for procedural reasons, the Court of Appeal held the trial court abused its discretion in not finding the defendant was the prevailing party for purposes of attorney fees: "To say [the plaintiff] was, somehow, the prevailing party on a 'practical level' or that she realized her 'litigation objectives' is to do violence to these legal phrases of art." (*Salehi*, *supra*, 200 Cal.App.4th at p. 1155.)[7]

On the record before us, any finding by the court that defendant was not the prevailing party was a clear abuse of discretion. (See *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, *supra*, 162 Cal.App.4th at p. 894.) As a result of plaintiff's dismissal of its action seeking "to recover possession of a rental unit," defendant "achieved one hundred percent" of his own litigation objectives. He is therefore entitled to an award of attorney fees.

---

[7]Exceptions to this apparent trend include where factual findings are required to support an award of attorney fees (discussed *ante*), and where an action is dismissed pursuant to a settlement agreement which does not provide for the recovery of attorney fees (see, e.g., *Galan*, *supra*, 80 Cal.App.4th at pp. 1129-1130.)

*DISPOSITION*

The order is reversed, and the matter is remanded for a determination of reasonable attorney fees. Costs on appeal are awarded to appellant.

_____
KUMAR, Acting P. J.

We concur:

_____
RICCIARDULLI, J.

_____
B. JOHNSON, J.

8