NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOMADIX, INC., | No. 20-56008 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-04980-AB-FFM |
| v. | |
| GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted August 4, 2021
Pasadena, California

Before: PAEZ, CALLAHAN, and BENNETT, Circuit Judges.

In this diversity action, Nomadix, Inc. ("Nomadix") sued Guest-Tek Interactive Entertainment Ltd. ("Guest-Tek"), alleging that Guest-Tek had breached the forum selection clause in the parties' License Agreement by challenging the validity of Nomadix's patents before the U.S. Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB"). The district court granted summary judgment to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Nomadix and entered a permanent injunction enjoining Guest-Tek from filing certain petitions with the PTAB. We affirm those orders in a simultaneously filed separate disposition. In this appeal, Guest-Tek challenges the district court's $1,099,310 attorneys' fee award. We have jurisdiction under 28 U.S.C. § 1291 and affirm in part and reverse in part.

We review questions of law concerning a party's entitlement to attorneys' fees de novo. *Lagstein v. Certain Underwriters at Lloyd's of London*, 725 F.3d 1050, 1056 (9th Cir. 2013). Whether a party is entitled to attorneys' fees in a diversity case is governed by state law. *Id.*

1. Guest-Tek argues that the district court should not have awarded Nomadix attorneys' fees for its defense of the PTAB proceedings. Before awarding contractual attorneys' fees under California law, "it is necessary to determine whether the parties entered an agreement for the payment of attorney fees, and if so, the scope of the attorney fee agreement." *Mountain Air Enters., LLC v. Sundowner Towers, LLC*, 398 P.3d 556, 561 (Cal. 2017) (citation omitted). "This determination requires us to apply traditional rules of contract interpretation," including that the "clear and explicit meaning" of the contract "controls judicial interpretation." *Id.* (quotation marks and citation omitted). "Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning." *Id.* (citation omitted).

Here, the attorneys' fee provision provides: "The Parties agree that the prevailing Party in such District Court or Superior Court action will be entitled to reimbursement by the losing Party for any and all legal fees and costs incurred by the prevailing Party in preparing for and conducting such action." Nomadix was the prevailing party in the forum-selection dispute before the district court, so Nomadix is entitled to all legal fees and costs incurred in preparing for and conducting *that* action—*not* the PTAB proceedings. Under the "clear and explicit meaning" of the attorneys' fee provision, any fees incurred in the PTAB proceedings are not recoverable.[1]

2.      Guest-Tek argues that the district court should not have awarded Nomadix attorneys' fees for its unsuccessful motion for a preliminary injunction. But in California, "a party who ultimately prevails on a contract action is entitled to all of its fees, including fees incurred during the lawsuit in proceedings where it did not prevail." *Frog Creek Partners, LLC v. Vance Brown, Inc.*, 141 Cal. Rptr. 3d 834, 859 (Ct. App. 2012); *cf. Cabrales v. County of Los Angeles*, 935 F.2d 1050,

---

[1] Nomadix cites *Children's Hospital and Medical Center v. Bonta*, 118 Cal. Rptr. 2d 629 (Ct. App. 2002), for the proposition that "trial courts enjoy discretion to award attorneys' fees for work performed in proceedings closely related to the action in which fees are sought." *See id.* at 659. But *Children's Hospital* was applying California Civil Code § 1021.5. Here, in contrast, Nomadix is asking us to apply California Civil Code § 1717, the statute governing contractual attorneys' fees. According to the California Supreme Court, we must determine the scope of an attorneys' fee agreement "[b]*efore* section 1717 comes into play." *Mountain Air*, 398 P.3d at 561 (emphasis added) (citation omitted).

1052–53 (9th Cir. 1991) (same).  Thus, because Guest-Tek ultimately prevailed on summary judgment, it is entitled to attorneys' fees incurred in connection with the summary judgment, the permanent injunction, *and* the preliminary injunction, the latter of which "was simply a temporary setback on the way to a complete victory." *Cabrales*, 935 F.2d at 1053.

3.      Guest-Tek argues that the district court should not have awarded Nomadix attorneys' fees for time spent by in-house counsel as a "corporate liaison" rather than an active participant in preparing the case.  In California, in-house counsel fees are recoverable, but only when the in-house counsel "actively participate[s] in the preparation of the case."  *Garfield Bank v. Folb*, 31 Cal. Rptr. 2d 239, 241 (Ct. App. 1994) (citation omitted), *overruled on other grounds by Trope v. Katz*, 902 P.2d 259 (Cal. 1995).  Nomadix does not dispute that its in-house counsel was not actively participating in preparing the case when the portions of the in-house counsel fees at issue were incurred.  Thus, those portions are not recoverable, although the rest of the in-house counsel fees are.

We thus remand this case to the district court to recalculate the attorneys' fee award in accordance with this disposition.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED,** with the parties to bear their own costs.

4