70 Cal.Rptr.3d 9 (2007)
158 Cal.App.4th 479
MITCHELL LAND AND IMPROVEMENT CO., Plaintiff and Appellant,
v.
RISTORANTE FERRANTELLI, INC., Defendant and Respondent.
No. G037944.
Court of Appeal of California, Fourth District, Division Three.
November 26, 2007.
*11 Stradling Yocca Carlson & Rauth, Donald J. Hamman, Peter Wucetich, Newport Beach, and David J. Sarnoff for Plaintiff and Appellant.
Samuels, Green Steel & Adams, LLP, Philip W. Green and Jeanne U. Vu, Irvine, for Defendant and Respondent.

*10 OPINION
OLEARY, J.
Mitchell Land and Improvement Co. (Mitchell), brought an unlawful detainer action (Code Civ. Proc., § 1161 et seq.), against its lessee, Ristorante Ferrantelli, Inc. (Ferrantelli), based on alleged violations of a lease provision requiring the premises only be used for lawful purposes. Mitchell contended Ferrantelli had erected an outdoor tent and fire pit in a patio dining area without proper permits. Mitchell later voluntarily dismissed its action after Ferrantelli filed a motion for summary judgment. Mitchell appeals from the trial court's subsequent order awarding Ferrantelli its attorney fees contending Civil Code section 1717, subdivision (b)(2),[1] which prohibits an award of attorney fees when an action on a contract has been voluntarily dismissed, precludes such an award. We agree that because this unlawful detainer is one based upon an alleged breach of contract, section 1717, subdivision (b)(2), applies and the attorney fees award was improper. Accordingly, we modify the order to strike the award of attorney fees.

FACTS
The essential procedural facts are not in dispute. In May 2005, Mitchell served Ferrantelli with a "[30-]day notice to cure covenants or quit." The notice stated Ferrantelli had breached paragraph 6.1 of the lease, which required it to only use the premises in a lawful manner. Specifically, Mitchell claimed Ferrantelli had unlawfully erected a "tent like covering" over an open fire pit in an outdoor seating area. Mitchell directed Ferrantelli to remove the tent and fire pit or vacate the premises and elected to declare a forfeiture of the lease if the breach of the lease covenant was not cured within 30 days. In August 2005, Mitchell filed this unlawful detainer action seeking to eject Ferrantelli from the premises. In August 2006, Mitchell voluntarily dismissed the action.
On July 27, 2006, Ferrantelli filed a motion for summary judgment. In Ferrantelli's separate statement of material facts, its owner explained he acquired the restaurant in 1996, assuming the original 1985 lease. In 1997, he expanded the restaurant adding an outdoor seating area. He applied for and obtained all necessary permits from the city and the Coastal Commission for the project, and all applications were signed off on by the original lessor. The approved plans included one fire pit, *12 but approval was obtained for 11 separate gas outlets. When Ferrantelli constructed a second fire pit in the outdoor seating area in 2000, and then placed a large tent structure over it, its owner believed the original permits allowed the additions. In 2001, Ferrantelli's owner entered into a new lease with the prior property owner. The 2001 lease, with option terms, runs to the year 2022.
Mitchell acquired the property in 2002 and became Ferrantelli's lessor. Mitchell's property manager told Ferrantelli's owner several times he wanted to get the restaurant off the premises. In 2004, Mitchell's manager filed complaints with the city and fire department about the second fire pit and tent lacking proper permits. In May 2005, the city's code enforcement officer notified Ferrantelli the structures were not covered by the original permits, and advised Ferrantelli to obtain after-the-fact permits (which are routinely granted) to bring the structures into compliance with the code. Mitchell refused to consent to the application, instead giving Ferrantelli 30-day notice to cure the breach or quit the premises. Ferrantelli removed the tent structure immediately, but its owner conceded that on two occasions (once in August and once in December), to meet pre-existing contractual obligations to customers, he put the tent up for a day or two. Mitchell was aware that at the direction of the fire department, Ferrantelli had ceased using the second fire pit in June 2005. Mitchell filed this unlawful detainer action in August 2005. In October 2005, Ferrantelli capped the gas line to the second fire pit and turned it into a planter.
On the day its opposition to the summary judgment motion was due, Mitchell voluntarily dismissed the unlawful detainer action without prejudice. After Mitchell's dismissal was entered, Ferrantelli filed a motion seeking to be declared the prevailing party under Code of Civil Procedure section 1032. It also sought its attorney fees of $99,561.25 pursuant to paragraph 31 of the lease, which provides that in "an action or proceeding involving the [premises whether founded in tort, contract[,] or equity," the prevailing party would be entitled to its reasonable attorney fees," whether or not the action was pursued to judgment. The provision defines "prevailing party" as the party "who substantially obtains or defeats the relief sought, as the case may be, whether by compromise, settlement, judgment, or the abandonment by the other [p]arty ... of its claims or defense."
Although it did not dispute Ferrantelli was the prevailing party for purposes of its costs under Code of Civil Procedure section 1032, Mitchell opposed any award of attorney fees contending an award was prohibited by section 1717, subdivision (b)(2). The trial court concluded section 1717 did not apply because an unlawful detainer action is not an action on a contract; "It is a basis for relief created by statute." It awarded Ferrantelli $3,618.75 in costs and $123,279.50 in attorney fees.

DISCUSSION
The parties' positions are straight forward. Mitchell contends the attorney fees award was improper because section 1717, subdivision (b)(2), prohibits an award of attorney fees when an action on a contract has been voluntarily dismissed, and this unlawful detainer action based on Ferrantelli's alleged breach of lease covenants was an action on a contract. Ferrantelli counters that an unlawful detainer action is never an action on a contract because it "is a statutory proceeding and is governed solely by the provisions of the statute creating it. [Citation.]" (Fifth & Broadway Partnership v. Kimny, Inc. (1980) 102 Cal. *13 App.3d 195, 200, 162 Cal.Rptr. 271 (Fifth & Broadway Partnership).) Because we are faced with an issue concerning the legal basis for an award of attorney fees, we conduct a de novo review. (Honey Baked Hams, Inc. v. Dickens (1995) 37 Cal.App.4th 421, 424, 43 Cal.Rptr.2d 595 (Honey Baked Hams), disapproved on other grounds in Santisas v. Goodin (1998) 17 Cal.4th 599, 614, fn. 8, 71 Cal.Rptr.2d 830, 951 P.2d 399, (Santisas).)
For context, we summarize the general legal authority for awarding attorney fees as litigation costs. Under Code of Civil Procedure section 1032, subdivision (b), "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding]" unless otherwise provided by statute. "`[Prevailing party'" includes "a defendant in whose favor a dismissal is entered[.]" (Code Civ. Proc., § 1032, subd. (a)(4).) Because Mitchell voluntarily dismissed its action in Ferrantelli's favor, Ferrantelli was generally entitled to its costs. (Santisas, supra, 17 Cal.4th at p. 606, 71 Cal.Rptr.2d 830, 951 P.2d 399.)
Under Code of Civil Procedure section 1033.5, subdivision (a)(10), the costs allowable under Code of Civil Procedure section 1032 include attorney fees "only when the party entitled to costs has a legal basis, independent of the cost statutes and grounded in an agreement, statute, or other law, upon which to claim recovery of attorney fees." (Santisas, supra, 17 Cal.4th at p. 606, 71 Cal.Rptr.2d 830, 951 P.2d 399.) In this case, Ferrantelli claims attorney fees as allowable costs pursuant to paragraph 31 of the lease, which provides that in "an action or proceeding involving the [p]remises whether founded in tort, contract[,] or equity," the prevailing party would be entitled to its reasonable attorney fees," whether or not the action was pursued to judgment. The contract attorney fees provision is sufficiently broadly worded to apply to causes of action sounding in tort or contract. (See Santisas, supra, 17 Cal.4th at p. 608, 71 Cal.Rptr.2d 830, 951 P.2d 399.)
Furthermore, under the broadly worded definition of "prevailing party" in the lease, i.e., the party "who substantially obtains or defeats the relief sought, as the case may be, whether by compromise, settlement, judgment, or the abandonment by the other [p]arty ... of its claims or defense" (italics added), or applying the commonly understood meaning of the term "prevailing party," Ferrantelli was no doubt the prevailing party in this litigation as contemplated by the lease. As Santisas noted in this regard, "Plaintiffs' objective in bringing this litigation was to obtain the relief requested in the complaint. The objective of the ... defendants in this litigation was to prevent plaintiffs from obtaining that relief. Because the litigation terminated in voluntary dismissal with prejudice, plaintiffs did not obtain by judgment any of the relief they requested, nor does it appear that plaintiffs obtained this relief by another means, such as a settlement. Therefore, plaintiffs failed in their litigation objective and the ... defendants succeeded in theirs." (Santisas, supra, 17 Cal.4th at p. 608, 71 Cal.Rptr.2d 830, 951 P.2d 399.) The object of Mitchell's unlawful detainer action was to summarily terminate the lease and regain possession of the premises and Ferrantelli's objective was to prevent either event from occurring. By voluntarily dismissing its action, Mitchell failed in its litigation objective and Ferrantelli succeeded in its.[2] And "if *14 we consider only the rules of contract law, [Ferrantelli is] entitled to recover the amounts [it] incurred as attorney fees in defending all claims asserted in this action." (Santisas, supra, 17 Cal.4th at p. 609, 71 Cal.Rptr.2d 830, 951 P.2d, 399.)
Despite the fact Ferrantelli was otherwise the prevailing party, and otherwise entitled to its attorney fees as costs pursuant to the terms of the lease, we must now turn to the issue, as did the Supreme Court in Santisas, of whether section 1717, subdivision (b)(2), precludes such an award. We conclude it does.
Section 1717 governs the award of attorney fees in "any action on a contract" and subdivision (b)(2), specifically provides, "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." As Santisas explained, subdivision (b)(2), was the Legislature's codification of the Supreme Court's holding in International Industries, Inc. v. Olen (1978) 21 Cal.3d 218, 145 Cal.Rptr. 691, 577 P.2d 1031. (See Santisas, supra, 17 Cal.4th at p. 614, 628, fn. 2, 71 Cal.Rptr.2d 830, 951 P.2d 399 [con. & dis. opn. Baxter, J.].)
Section 1717, subdivision (b)(2), "overrid[es] or nullif[ies] conflicting contractual provisions, such as provisions expressly allowing recovery of attorney fees in the event of voluntary dismissal or defining `prevailing party' as including parties in whose favor a dismissal has been entered.[[3]] When a plaintiff files a complaint containing causes of action within the scope of section 1717 (that is, causes of action sounding in contract and based on a contract containing an attorney fee provision), and the plaintiff thereafter voluntarily dismisses the action, section 1717 bars the defendant from recovering attorney fees incurred in defending those causes of action, even though the contract on its own terms authorizes recovery of those fees." (Santisas, supra, 17 Cal.4th at p. 617, 71 Cal.Rptr.2d 830, 951 P.2d 399, italics deleted.)
But, section 1717, subdivision (b)(2)'s, prohibition' against an attorney fees award when there has been a voluntary dismissal applies only to contract claims (i.e., causes of action "on a contract"), and does not apply to tort claims otherwise encompassed by a broadly worded contract attorney fees clause. (Santisas, supra, 17 Cal.4th at pp. 614-622, 71 Cal.Rptr.2d 830, 951 P.2d 399.) "[O]n a contract" does not mean only traditional breach of contract causes of action. Rather, "California courts `liberally construe "on a contract" to extend to any action "[a]s long as an action `involves' a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit....' [Citations.]" (California Wholesale Material Supply, Inc. v. Norm Wilson & Sons, Inc. (2002) 96 Cal.App.4th 598, 605, 117 Cal. Rptr.2d 390.)
*15 The heart of the matter before us is whether an unlawful detainer proceeding is an action "on a contract" or an action sounding in tort. The answer is: it depends.
The very arguments presented here were recently addressed in Drybread v. Chipain Chiropractic Corp. (2007) 151 Cal. App.4th 1063, 1075, 60 Cal.Rptr.3d 580 (Drybread), which concluded that if an unlawful detainer action is based on an alleged breach of the lease during an unexpired term (e.g., nonpayment of rent, improper use of the premises), then it is an action sounding in contract. If an unlawful detainer is brought to oust, a holdover tenant following expiration of a lease, then the action is premised on tortious conduct (e.g., trespass), and it is an action sounding in tort. (Ibid.; in accord Fragomeno v. Insurance Co. of the West (1989) 207 Cal. App.3d 822, 830-831, 255 Cal.Rptr. 111 (Fragomeno), disapproved on other grounds in Vandenberg v. Superior Court (1999) 21 Cal.4th 815, 838-841, 88 Cal. Rptr.2d 366, 982 P.2d 229 (Vandenberg); see also Friedman et al., Cal. Practice Guide: Landlord-Tenant (The Rutter Group 2006) ch. 8, [¶] 8:9, p. 8-4.) By logical extension, if the unlawful detainer action is premised on a breach of the lease, like any other action on a contract, it is subject to section 1717, subdivision (b)(2).
In Drybread, the landlord brought an unlawful detainer action to oust the tenant following expiration of the lease, but then voluntarily dismissed the action without prejudice. (Drybread, supra, 151 Cal. App.4th at p. 1068, 60 Cal.Rptr.3d 580.) The tenant brought a motion for attorney fees pursuant to a lease provision. The trial court denied the motion concluding unlawful detainer actions by their nature are always actions sounding in contract because they "`usually involve[] a lease, and often seek[] its termination and recovery of rent.'" (Id. at p. 1069, 60 Cal. Rptr.3d 580.) Accordingly, the trial court concluded section 1717, subdivision (b)(2), precluded an award of attorney fees where the unlawful detainer action was voluntarily dismissed. (Ibid.)
The tenant appealed asserting an unlawful detainer action always sounds in tort, never contract, and even if the action is sometimes based in contract, the particular unlawful detainer action was not. The appellate court rejected the former assertion, but agreed with the latter. (Drybread, supra, 151 Cal.App.4th at p. 1074, 60 Cal. Rptr.3d 580.)
After first discussing why the particular contractual attorney fees provision was broad enough to cover noncontract claims such as an unlawful detainer action (Drybread, supra, 151 Cal.App.4th at p. 1072, 60 Cal.Rptr.3d 580), the court concluded the tenant was entitled to attorney fees unless section 1717 applied. "The question is whether this unlawful detainer action was `an action on a contract' (to which ... section 1717 applies and bars attorney's fees) or a noncontract claim." (Ibid., italics added.)
The Drybread court began by explaining the duality of the unlawful detainer statute, which "encompasses breach of lease (arguably contract-type matters) and holdover possession after expiration of the lease (arguably a noncontract issue)." (Drybread supra, 151 Cal.App.4th at p. 1074, 60 Cal.Rptr.3d 580.) It then went on to explain why the particular proceeding before it, being against a tenant holding over after an expired lease, was one based in tort.
Drybread relied upon Fragomeno, supra, 207 Cal.App.3d 822, 255 Cal.Rptr. 111. Fragomeno concerned an insurer's duty to defend a lessee in an unlawful detainer action under a policy that covered only tort liability. To decide whether there was *16 coverage, the court had to assess the nature of an unlawful detainer action, i.e., sounding in tort or sounding in contract.
"[I]n order to determine whether this summary and statutory procedure [unlawful detainer] sounds in contract or in tort the gravamen of the facts giving rise to the right to recovery must be examined. If the right to recover realty emanates from the breach 6f a lease provision occurring during an unexpired term of a lease, then the right to recover has its inception in a contractual arrangement between the parties. If the right to recovery is based upon a civil wrong such as possession of property by a trespasser ab initio, or by a holdover tenant as a resulting trespasser, or by an encroacher then the right to recover possession of the property by way of the summary and statutory procedure of unlawful detainer has its inception in tortious conduct, [¶] It is therefore necessary to analyze and determine whether or not the right to possession by the landlord ... had its inception in a lease or contractual right or whether the right to possession by the landlord had its inception in some sort of tortious conduct by the lessee." (Fragomeno, supra, 207 Cal.App.3d at pp. 830-831, 255 Cal.Rptr. 111.)
The Fragomeno court concluded the unlawful detainer at issue was an action sounding in contract because it was based upon the lessee's breach of the written lease with the landlord. And, because the action sounded in contract, the lessee had no right to defense and indemnification as a result of the unlawful detainer action. (Fragomeno, supra, 207 Cal.App.3d at p. 831, 255 Cal.Rptr. 111.) By contrast, the unlawful detainer action at issue in Drybread was found to be one sounding in tort because it "was based on a claim of unlawful holdover possession after expiration of the lease. It was not based on a breach of the lease itself." (Drybread, supra, 151 Cal.App.4th at p. 1076, 60 Cal.Rptr.3d 580.) "[The lessor's] action was for tortious holding over after expiration of the lease." (Id. at p. 1077, 60 Cal.Rptr.3d 580; see also Artesia Medical Development Co. v. Regency Associates, Ltd. (1989) 214 Cal. App.3d 957, 963, 266 Cal.Rptr. 657 [no contract attorney fees to prevailing party landlord because unlawful detainer action was premised on allegation tenant was illegally in possession of premises under assignment of lease by prior tenant to which landlord had not consented].)
Applying the principles articulated in Fragomeno and Drybread, we conclude the unlawful detainer action here was one sounding in contract. It was solely based upon Ferrantelli's alleged breach of the lease covenant concerning use of the premises during an unexpired term.
Ferrantelli protests Fragomeno was overruled in Vandenberg, supra, 21 Cal.4th 815, 88 Cal.Rptr.2d 366, 982 P.2d 229. Drybread considered and rejected this same contention noting, "Vandenberg merely disapproved of the insurance coverage aspect of Fragomeno, i.e., that liability arising ex contractu, as opposed to ex delicto, is not covered under policies limiting coverage to amounts the insured is `legally obligated to pay as damages.' (Vandenberg, supra, 21 Cal.4th at pp. 838-841, & fns. 12-13 [88 Cal.Rptr.2d 366, 982 P.2d 229].) Vandenberg concluded the insurer could not avoid coverage (in an action for breach of lease due to property damage from pollution) solely on the ground that damages were assessed on a contractual theory. (Ibid.) Vandenberg did not disapprove of Fragomeno's holding regarding the nature of unlawful detainer." (Drybread, supra, 151 Cal.App.4th at p. 1076, 60 Cal.Rptr.3d 580.)
Ferrantelli also contends Fragomeno and Drybread fly in the face of numerous cases it asserts hold an unlawful *17 detainer action is not based upon contract because it is a purely statutory proceeding. But, the strictly statutory nature of an expedited proceeding or remedy does not preclude the action from being one "on a contract." For example, a declaratory relief cause of action is wholly statutory (Code Civ. Proc., § 1060), yet when in a declaratory relief action the parties seek a determination of their respective rights and duties under a contract such as a lease, the action is "`on a contract'" for purposes of section 1717[,]" and section 1717, subdivision (b)(2), applies. (Exxess Electronixx v. Heger Realty Corp. (1998) 64 Cal.App.4th 698, 707, 75 Cal.Rptr.2d 376.)
The cases Ferrantelli cites are largely inapposite. Almost none considered the issue presented here, whether section 1717, subdivision (b)(2), precludes an attorney fees award when the action has been voluntarily dismissed. Several do not involve attorney fees awards at all, but rather consider unlawful detainer procedure.
For example, in Fifth & Broadway Partnership, supra, 102 Cal.App.3d 195, 162 Cal.Rptr. 271, the court affirmed an unlawful detainer judgment for a lessor and on appeal was considering the lessee's argument a 90-day notice provision contained in the lease posed a procedural bar to an unlawful detainer action brought after the lessor gave only the statutory three-day notice to pay rent or quit the premises. In holding the longer lease notice provision did not pose a procedural bar, the court noted, "An unlawful detainer action is not based upon contract [citations]; it is a statutory proceeding and is governed solely by the provisions of the statute creating it. [Citation.]" (Id. at p. 200, 162 Cal.Rptr. 271; see also Losornio v. Motta (1998) 67 Cal.App.4th 110, 78 Cal.Rptr.2d 799 [unlawful detainer judgment reversed because provisions of Code of Civil Procedure concerning extension for service by mail do not apply to notices in an unlawful detainer]; Kwok v. Bergren (1982) 130 Cal.App.3d 596, 181 Cal.Rptr. 795 [unlawful detainer judgment reversed because three-day notice not properly served].) Superior Motels, Inc. v. Rinn Motor Hotels, Inc. (1987) 195 Cal.App.3d 1032, 241 Cal.Rptr. 487, considered the correct measure of damages to a lessor who succeeded in obtaining an unlawful detainer judgment against its lessee, i.e., only the damages specified by statute and not the damages normally associated with a breach of contract action such as lost future profits.
Several other cases cited by Ferrantelli do repeat the statement contained in Fifth & Broadway Partnership that an unlawful detainer is not "based upon contract," but is a statutorily controlled procedure. However, none of those cases concern attorney fees awards after a voluntarily dismissal. Rather they concern identification of a prevailing party after entry of judgment. (See Beverly Hills Properties v. Marcolino (1990) 270 Cal.Rptr. 605, 221 Cal.App.3d Supp. 7; Boston Properties v. Pirelli Tire Corp. (1982) 134 Cal.App.3d 985, 185 Cal.Rptr. 56; Strickland, supra, 157 Cal.Rptr. 656, 95 Cal.App.3d Supp. 18.)
The only case cited by Ferrantelli that is factually similar is Honey Baked Hams, supra, 37 Cal.App.4th 421, 43 Cal.Rptr.2d 595. In that case, after the landlord voluntarily dismissed the unlawful detainer action, the trial court granted the tenant's motion for attorney fees based on a broadly worded attorney fees provision in the lease. (Id. at p. 424, 43 Cal.Rptr.2d 595.) The appellate court affirmed the attorney fees award and rejected the landlord's reliance on section 1717, subdivision (b)(2), as a bar to an award of attorney fees holding section 1717 was completely inapplicable because it only concerned unilateral attorney *18 fees clauses and did not apply to broadly worded reciprocal attorney fees provisions. (Id. at p. 425, 43 Cal.Rptr.2d 595.) But, Honey Baked Hams was expressly overturned on this point in Santisas, supra, 17 Cal.4th at p. 614, fn. 8, 71 Cal.Rptr.2d 830, 951 P.2d 399, which held section 1717 applies to all contractual attorney fees clauses, not just unilateral attorney fees clauses. Honey Baked Hams contained no discussion of the nature of an unlawful detainer action as one sounding in contract or tort.
We conclude the reasoning of Fragomeno and Drybread, concerning identification of the nature of an unlawful detainer action is sound. Because this unlawful detainer action was premised upon Ferrantelli's alleged breach of covenants of its lease, the action is one "on a contract" and section 1717, subdivision (b)(2), precludes an award of attorney fees to Ferrantelli. Accordingly, the order appealed from must be modified to strike the award of attorney fees to Ferrantelli of $123,279.50.[4]
Ferrantelli protests that in a case such as this, denying attorney fees as part of its costs rewards the landlord for improperly using the unlawful detainer procedure to bully an unwanted tenant out of its lawful possession of the premises. It points to evidence indicating Mitchell continued to prosecute its unlawful detainer long after Ferrantelli's rather trivial breaches of the lease were cured, dismissing only when faced with Ferrantelli's summary judgment motion. But, in such a case, the tenant is not left wholly without a remedy. Under the appropriate factual scenario, a tenant could pursue a malicious prosecution action against the offending landlord who has filed or maintained a groundless unlawful detainer action. (See Zamos v. Stroud (2004) 32 Cal.4th 958, 12 Cal.Rptr.3d 54, 87 P.3d 802.) We need not, and do not, decide if this is such a case.

DISPOSITION
The order is modified to strike the award of attorney fees to Ferrantelli of $123,279.50 and as modified the order is affirmed. In the interests of justice, the parties will bear their own costs on appeal. (Cal. Rules of Court, rule 8.276(a)(4).)
WE CONCUR: BEDSWORTH, Acting P.J., and IKOLA, J.
NOTES
[1] All further statutory references are to the Civil Code, unless otherwise indicated.
[2] We are unimpressed by Mitchell's belated attempts to argue Ferrantelli was not the prevailing party because this is a case where both parties achieved their litigation goals since by maintaining the lawsuit Mitchell forced Ferrantelli to cure its breach of the lease covenants. This argument was not raised below, and the right to possession is the main object of an unlawful detainer action. (Strickland v. Becks (1979) 157 Cal.Rptr. 656, 95 Cal.App.3d Supp. 18, 21 (Strickland).)
[3] Section 1717, subdivision (b)(2), arid Santisas, supra, 17 Cal.4th 599, 71 Cal.Rptr.2d 830, 951 P.2d 399, both predate the 2001 lease at issue in this case. "`[A]ll applicable laws and ordinances in existence when the agreement is made become a part thereof as fully as if incorporated by reference.' [Citation.]" (Department of Industrial Relations v. UI Video Stores, Inc. (1997) 55 Cal.App.4th 1084, 1094, 64 Cal.Rptr.2d 457.) Thus, the prohibition against an award of attorney fees in an action on a contract in the event of a voluntary dismissal must be considered a term of the contract.
[4] Ferrantelli was also awarded costs of $3,618.75. Mitchell Land specifically agreed below that Ferrantelli was entitled to an award of costs as prevailing party under Code of Civil Procedure section 1032, it only objected to an attorney fees award, contending section 1717, subdivision (b)(2), precluded it. Accordingly, we affirm the order insofar as it awards these costs to Ferrantelli.