Filed 9/26/16  Sancarrow Assocs. v. Hermanson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SANCARROW ASSOCIATES, | |
| Plaintiff and Respondent, | G051276 |
| v. | (Super. Ct. No. 30-2014-00739472) |
| BARRY HERMANSON et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Franz E. Miller, Judge.  Affirmed.

Robert S. Lewin for Defendants and Appellants.

Law Offices of Jim P. Mahacek and Jim P. Mahacek for Plaintiff and Respondent.

**INTRODUCTION**

After a complaint against them for unlawful detainer was dismissed, appellants Barry Hermanson and Sally Hermanson moved in the trial court for their attorney fees. The court denied the motion on the ground that Civil Code section 1717 applied to the fee motion and the code section prohibited the award of fees after a voluntary dismissal. For their part, the Hermansons argued that because of the way the attorney fee provision was worded, Civil Code section 1717 did not apply to their motion; the correct statute was Code of Civil Procedure section 1032.

We affirm, on two grounds. First, the attorney fee provision under which the Hermansons sought their fees did not apply to them. Second, Civil Code section 1717 governs all contract-based attorney fee motions, and the statute explicitly precludes attorney fee awards after a plaintiff has voluntarily dismissed a lawsuit. This code section applies regardless of the wording of any specific attorney fee provision.

**FACTS**

Respondent Sancarrow Associates owns a piece of commercial real estate in Santa Ana. In 1973, Sancarrow leased the property to Carrows Hickory Chip Restaurants, Inc. (Carrows). Carrows in turn subleased the property to the Hermansons in 1986, and the Hermansons subleased it to R.D.R. Corporation.[1] In 2014, Carrows assigned both the 1973 lease (the Senior Lease) and the Hermansons' sublease to Sancarrow.[2]

After having been assigned their sublease, Sancarrow filed an unlawful detainer action against the Hermansons, alleging they had breached an agreement to pay rent based on a percentage of their subtenant's sales. The matter was set for trial on September 15, 2014. The Hermansons filed a motion in limine and a trial brief on

---

[1] The copy of the sub-sublease attached to the unlawful detainer complaint is incomplete and unsigned.

[2] The story is rather more complicated than this, but these are the facts essential to the appeal.

2

September 15, and the case did not go to trial. Sancarrow moved to dismiss the complaint, which motion the court granted on September 18.

The Hermansons moved for their attorney fees, pursuant to a clause in the Senior Lease that provided, "In the event of any litigation between the parties hereto arising out of this lease, or the leased premises, the prevailing party therein shall be allowed all reasonable attorney's fees expended or incurred in such litigation to be recovered as a part of the costs therein." The 1986 sublease between Carrows and the Hermansons did not include a broad attorney fee provision.[3] The sublease provided, "[The Hermansons] acknowledge[] that [Carrows's] interest in the Leased Property is a leasehold interest, which has been created by that certain lease of the Leased Property as described in Exhibit A (the 'Senior Lease'). If any provision in this Lease is inconsistent with the Senior Lease, the Senior Lease shall supersede such inconsistent provision."

The trial court denied the Hermansons' attorney fee motion on the grounds that Civil Code section 1717 governed their entitlement to fees, and subdivision (b)(2) expressly provides that there is no prevailing party when an action has been voluntarily dismissed. The Hermansons appeal from the order denying their motion for attorney fees.

## DISCUSSION

The Hermansons assert that the attorney fee clause in the Senior Lease between Sancarrow and Carrows allows them to sidestep Civil Code section 1717 and apply Code of Civil Procedure section 1032 instead. Code of Civil Procedure section 1032, subdivision (a)(4), includes "a defendant in whose favor a dismissal is entered" in the definitions of "prevailing party."

---

[3] The sublease provided that if the Hermansons failed to make any payment or perform any act required by the Senior Lease, Carrows could pay or perform on their behalf. The Hermansons then had to pay all amounts Carrows incurred in connection with payment or performance, "including attorneys' fees and expenses," on demand.

3

It does not appear to us that the Hermansons would be entitled to attorney fees under either statute. The 1986 sublease between them and Carrows, which Carrows assigned to Sancarrow, contained a very narrow attorney fee provision, as noted above, that does not apply here. The Senior Lease restricted the entitlement to fees to "the parties hereto," i.e., Sancarrow and Carrows. The Hermansons were not parties to the Senior Lease, and Carrows's assignment of the Senior Lease to Sancarrow did not make them parties to the Senior Lease. (See *Buttner v. Kasser* (1912) 19 Cal.App. 755, 761 [assignment of lease cancels lease between landlord and tenant but does not affect sublessee]; *Bailey v. Richardson* (1885) 66 Cal. 416, 421 ["There is no privity of estate or contract between an original lessor and a sub-tenant, and such privity would not be created merely by the surrender of the original tenant – a matter between him and his lessor"].) The assignment of the *sublease* to Sancarrow put the Hermansons and Sancarrow in privity with respect to the *sublease.* (See *California Wholesale Material Supply, Inc. v. Norm Wilson & Sons, Inc.* (2002) 96 Cal.App.4th 598, 605; *First Nat. Bank v. Pomona Tile Mfg. Co.* (1947) 82 Cal.App.2d 592, 608 [assignee stands in shoes of assignor].) But the sublease, as explained above, included only a narrow and inapplicable attorney fee provision.

Although the 1986 sublease referred to specific portions of the Senior Lease, the Senior Lease itself was not incorporated by reference into the sublease.[4] (See *Republic Bank v. Marine Nat. Bank* (1996) 45 Cal.App.4th 919, 921 [incorporation by reference makes lease part of sublease "*as if it were recited verbatim,*" including attorney

---

[4] "In some cases the subtenant expressly assumes the obligations of the master lease. An assumption by the subtenant with the consent of the master landlord creates privity of contract between them, and the parties can enforce the agreement. [Fn. omitted.] [¶] . . . In order for a subtenant to become liable to the landlord, the assumption must be express. The mere mention in a sublease that 'this sublease is subject to the terms and provisions of the master lease' or other similar language is not sufficient to constitute an express assumption by the subtenant. [Fn.omitted.] Clauses of this type are merely statements of the general rule and do not create any privity of contract between the landlord and the subtenant, [fn. omitted] and they do not incorporate the provisions of the master lease into the sublease. [Fn. omitted]" (10 Miller & Starr *California Real Estate* (4th ed. 2015) § 34.136, p. 34-437.)

4

fee provision in lease]. The attorney fee provision of the Senior Lease did not apply to persons who were not parties to the lease. (See *Selma Auto Mall II v. Appellate Department* (1996) 44 Cal.App.4th 1672, 1683; *Canal-Randolph Anaheim, Inc. v. Wilkoski* (1978) 78 Cal.App.3d 477, 486, superseded by statute on other grounds.)

The Hermansons claim the provision of the Senior Lease giving that lease priority over the sublease *in the event of inconsistency* established their right to attorney fees. But an inconsistency refers to a situation where two conditions or circumstances could not both be valid or effective. For example, if the Senior Lease prohibited the sale of alcohol on the restaurant premises and the sublease permitted the sale of alcohol, the Senior Lease and the sublease would be inconsistent. The omission of a broad attorney fee provision in the sublease is not an inconsistency, any more than the omission of a right of first refusal in the sublease is an inconsistency. The parties to the Senior Lease bargained to a broad attorney fee provision, and the parties to the sublease bargained to an extremely narrow one. The two agreements are *different* in this respect, not inconsistent.

Even if the Hermansons would be eligible for attorney fees because of the attorney fee clause in the Senior Lease, the legal basis for an award of attorney fees is a question of law subject to de novo review. (*Mitchell Land & Improvement Co. v. Ristorante Ferrantelli, Inc.* (2007) 158 Cal.App.4th 479, 484 (*Mitchell*).) We agree with the trial court that the applicable statute is Civil Code section 1717, not Code of Civil Procedure section 1032.

Civil Code section 1717 provides in pertinent part: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. [¶] Where a contract provides for

5

attorney's fees, as set forth above, that provision shall be construed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract. [¶] Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit. . . . [¶] (b) [¶] . . . [¶] (2) Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section."

An action for unlawful detainer initiated during the term of the lease is an action "on a contract." (*Mitchell, supra,* 158 Cal.App.4th at p. 489.) To the extent the lawsuit relied on side agreements about payment to Carrows of a percentage of sales, these agreements too made the action one "on a contract." Civil Code section 1717 applies to "any action on a contract," and its provisions preempt contrary provisions in an agreement. (See e.g., *Santisas v. Goodin* (1998) 17 Cal.4th 599, 609, 615 (*Santisas*) [code definition of prevailing party overrides contractual meaning]; *Brown Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, 818-819 [eligibility for fee award reciprocal even if only one-way in contract]; *Paul v. Schoellkopf* (2005) 128 Cal.App.4th 147, 153 [parties cannot limit recovery of fees to particular kind of claim]; *Silver v. Boatwright Home Inspection, Inc.* (2002) 97 Cal.App.4th 443, 450; *Wong v. Thrifty Corp.* (2002) 97 Cal.App.4th 261, 264; *Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 707.)

The Hermansons assert that Code of Civil Procedure section 1032 applied because the language of the attorney fee provision – allowing attorney fees "as part of the costs [of the litigation]" – took the provision out of the ambit of Civil Code section 1717. They contend the reference to "costs" means that Code of Civil Procedure section 1032 applied instead. They are incorrect.

In the first place, Civil Code section 1717 itself refers to attorney fees as costs: "Reasonable attorney's fees shall be fixed by the court, and shall be an element of

6

costs of suit." The code section itself regards the fees as costs, mirroring the language of the Senior Lease's attorney fee provision. More importantly, however, as the trial court said, the Hermansons "cannot avoid the impact of Civil Code section 1717 by ignoring it." Regardless of what the attorney fee provision itself states, any contractual fee award must meet the standards set up in the code section. As the California Supreme Court held, the statute's history "reflects a legislative intent to establish uniform treatment of fee recoveries in actions on contracts containing attorney fee provisions and to eliminate distinctions based on whether recovery was authorized by statute or by contract. *A holding that in contract actions there is still a separate contractual right to recover fees that is not governed by [Civil Code] section 1717 would be contrary to this legislative intent*." (*Santisas, supra,* 17 Cal.4th at p. 616, italics added.) That pretty much settles it.

Finally, the Hermansons assert Sancarrow's lawsuit involved tort claims, so they are entitled to seek their attorney fees for defending against these claims, citing *Santisas*, which held that "[i]f the voluntarily dismissed action also asserts causes of action that do not sound in contract, those causes of action are not covered by [Civil Code] section 1717 . . . ." (*Santisas, supra,* 17 Cal.4th at p. 617.) The record does not support the Hermansons' position. The complaint stated a single cause of action for unlawful detainer and sought only remedies associated with unlawful detainer – unpaid rent, possession of the property, treble damages pursuant to Code of Civil Procedure section 735 (for detention of any building), attorney fees, interest, and costs of suit. There were no damages pleaded for fraud or any punitive damages. This was a purely contractual action.

The Hermansons contend that statements made in Sancarrow's opposition to their motion for attorney fees to the effect that the Hermansons had concealed the amount of rent due indicate the complaint sounds in fraud. This is incorrect. Sancarrow was alluding to Code of Civil Procedure section 1161.1, subdivision (e), which requires the court to take into account whether one party has concealed information relating to

7

rent when evaluating the accuracy of the unlawful detainer notice provided to the tenant of commercial property.  That is not a tort claim.

## DISPOSITION

The order denying appellants' motion for attorney fees is affirmed. Respondent is to recover its costs on appeal.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.

8