Filed 7/6/23  Rubin v. Cho CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TAMRA RUBIN,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>GODWIN CHO,<br><br>　　　Defendant and Appellant. | A165667<br><br>(Alameda County Super. Ct. No. RG20055176) |

Civil Code section 1717,[1] enacted to ensure the mutuality of contractual attorney fees provisions, bars fee awards when the plaintiff voluntarily dismisses an action on a contract.  (§ 1717, subds. (a), (b)(2); see *Santisas v. Goodin* (1998) 17 Cal.4th 599, 602 (*Santisas*).)  Appellant Godwin Cho contends this bar does not apply to his litigation with respondent Tamra Rubin because, he maintains, although she voluntarily dismissed her complaint, the action was not on a contract for purposes of section 1717.  Settled law has laid that argument to rest; we reject Cho's attempt to exhume it.

## BACKGROUND

Rubin bought a house from Cho.  According to her complaint, captioned "Complaint for Breach of Contract," the purchase contract required Cho to disclose all known material

---

[1] Undesignated statutory references are to the Civil Code.

1

facts and defects affecting the property and make any and all other disclosures required by law. The complaint further alleged Cho represented that a driveway was part of the property and included in the sale, but it was actually on an adjoining owner's land. Rubin alleged Cho's misrepresentation constituted a breach of their contract.[2] She dismissed the case before trial.

Cho moved for attorney fees pursuant to a contractual provision entitling the prevailing party in any action arising out of the contract to reasonable fees and costs. In opposition, Rubin argued section 1717 precluded a fee award because she voluntarily dismissed the complaint. The trial court agreed with her and denied the motion.

## DISCUSSION

Cho contends the statutory preclusion of attorney fees after a voluntary dismissal is inapplicable because Rubin's complaint

---

[2] Because they are critical to Cho's contentions, we set out the relevant allegations here: "6. Plaintiff Rubin and defendant Cho entered into a California Residential Purchase Agreement and Joint Escrow Instructions ('Contract') whereby defendant Cho agreed to sell certain real property commonly known as 120 Robles Road, CA, [*sic*] Oakland, CA ('Property') to Rubin. [¶] 7. Escrow closed and the Property transferred from defendant Cho to Rubin on or about December 15, 2015. [¶]. . . [¶] 10. Paragraph 11A of the Contract provides that defendant Cho was required to disclose all know[n] material facts and defects affecting the Property. [¶] 11. Defendant Cho represented that a driveway to the house from the private road located on the Property was part of the Property, and that it would be conveyed to Rubin as part of the sale of the Property. [¶] 12. On information and belief, Rubin alleges that the driveway is actually on the adjoining owner's land and was not part of the Property sold to plaintiff. [¶] 13. Defendants' representation constitutes a breach of the Contract. [¶] 14. As a result of defendants' breach of contract, plaintiff Rubin has been damage[d] in excess of $25,000 [in] an amount to be proven at the time of trial."

sounded in tort, not contract, and therefore was not subject to section 1717. Rather, he variably asserts the one-count complaint alleged negligent misrepresentation, not a failure to disclose known facts in breach of contract, because it failed to allege he *knew* about the driveway problem; was "in essence" a complaint for fraud in the inducement; and alleged only a breach of a general legal duty that existed independently of the contract. These claims, which we review de novo (*Mitchell Land & Improvement Co. v. Ristorante Ferrantelli, Inc.* (2007) 158 Cal.App.4th 479, 484 (*Mitchell*)), are unsupported by the record or law.

### A.

Section 1717, subdivision (a) provides that "[i]n any action *on a contract*, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs." (*Italics added.*)

Section 1717, subdivision (b)(2) carves out an exception to the availability of contractual attorney fees where the plaintiff dismisses the action. It provides: "[w]here an action has been voluntarily dismissed . . . there shall be no prevailing party for purposes of this section." If and to the extent the action was "on a contract" within the meaning of section 1717, defendants are thus barred from recovering fees even though they prevailed in the ordinary sense of the word and "*the contract on its own terms authorizes recovery of those fees.*" (*Santisas, supra,* 17 Cal.4th at pp. 609, 617.)

Whether and to what extent Cho may recover contractual fees after Rubin dismissed the complaint thus turns on whether her action was in whole or in part "on a contract" and therefore

3

subject to section 1717. The rule is well-settled: in this context we construe the term "on a contract" liberally to apply to any cause of action that " 'involves' an agreement, in the sense that [it] arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement." *(Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 241-242; see *Hjelm v. Prometheus Real Estate Group, Inc.* (2016) 3 Cal.App.5th 1155, 1168, 1170; *Mitchell, supra,* 158 Cal.App.4th at p. 486.)

While an action is more likely to be found "on a contract" for purposes of section 1717 if the scope of the fee clause is broad or the litigation's main thrust is based on the contract (*Orozco v. WPV San Jose, LLC* (2019) 36 Cal.App.5th 375, 409), the dispositive question is whether the factual allegations are sufficient to put a contract theory in issue. (*Perry v. Robertson* (1988) 201 Cal.App.3d 333, 337-338 *(Perry)*.) If the nature of the action is unclear, we consider it to be based on contract rather than tort. (*Kangarlou v. Progressive Title Co., Inc.* (2005) 128 Cal.App.4th 1174, 1178-1179.)

**B.**

This action terminated at the pleading stage, so we look to the pleadings to determine whether it was on a contract or, as Cho claims, sounded in tort. (See *Boyd v. Oscar Fisher Co.* (1989) 210 Cal.App.3d 368, 377.) We have no difficulty concluding it was on a contract.

First, the attorney fee provision in the parties' contract is broad in scope: "In any action, proceeding, or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorney fees and costs from the non-prevailing Buyer or Seller." (See *Lerner v. Ward* (1993) 13 Cal.App.4th 155, 160 [interpreting similar attorney fee clause].)

4

Second, and more fundamentally, the complaint plainly alleges breach of contract. Its sole cause of action, captioned (like the complaint) "Breach of Contract," alleges (1) the parties executed the purchase agreement; (2) Cho breached its disclosure provision by misrepresenting to Rubin that the driveway was included in the sale, when in fact it was not; and (3) Rubin suffered resulting damages. No more was required to make out a cause of action for breach of contract. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1388 [elements of breach are the contract, the plaintiff's performance or excuse for nonperformance, the defendant's breach, and resulting damages].

Cho nonetheless contends the complaint failed to make out a breach of his contractual obligation to disclose known defects because it failed to allege he *knew* about the driveway problem. In his view, then, Rubin's allegations amount at most to a claim for negligent misrepresentation, "although she does not call it that." He is mistaken. It is " 'cornerstone jurisprudential polic[y]' " that we must liberally construe a complaint, drawing all reasonable inferences from its direct allegations. (*Rickley v. Goodfriend* (2013) 212 Cal.App.4th 1136, 1141-1142.) We may readily infer from the straightforward allegations here that Cho knew the driveway was not part of the property. His related suggestion that the complaint alleged only an affirmative misrepresentation rather than a failure to disclose cuts too fine a line between misrepresentation and nondisclosure, a species of misrepresentation. (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 974.) Cho necessarily failed to disclose that the driveway was not part of the property when he allegedly misrepresented that it was.

*Perry, supra,* 201 Cal.App.3d 333, is instructive. There, the complaint's sole cause of action put in issue both contract and tort theories. The plaintiff prevailed at trial and manifested an

5

election to treat it as a contract action by seeking attorney fees. (*Id.* at p. 335.) The court affirmed the fee award. (*Ibid.*) It explained: "A single cause of action or claim, framed in ultimate facts, may sound . . . variously in, e.g., tort or contract. [Citation.] [¶] Of significance here, '[the] same act may be both a breach of contract and a tort. . . . [W]here a contract gives rise to a duty of care, negligence in the performance of the duty may give rise to a cause of action for breach of contract. [Citation.] When such a hybrid cause of action arises, the plaintiff may pursue both legal theories of recovery until an occasion for an election of remedies arises." (*Id.* at p. 340.)

Cho attempts to distinguish *Perry* as applying only where, as there, the complaint alleges a "hybrid" claim of negligent performance of a contractual duty. The attempt fails. First, as in *Perry,* Rubin's factual allegations support an inference that the nondisclosure constituting the alleged breach was negligent.[3] Second, while *Perry* involved the negligent performance of a contractual obligation, the court's analysis was premised on the broader principle that the same factual allegations may support multiple legal theories "variously in, e.g., tort or contract" (*Perry, supra,* 201 Cal.App.3d at p. 340), between which the plaintiff need not elect before choosing a remedy. (*Id.* at pp. 339-342.)

Cho insists in his reply brief that, rather than alleging (as in *Perry)* the negligent performance of a disclosure clause, Rubin "entirely disavow[ed]" the contract itself. No such disavowal is found in the complaint.

His further contention that the complaint was for fraud in the inducement is equally meritless. Fraud in the inducement occurs when the promisor knows what she is signing, but her

---

[3] The alternative, that it was intentional, does not change the analysis. The complaint alleged breach either way; the exact means of the breach is not determinative. (*Perry, supra,* 201 Cal.App.3d at p. 341.)

6

consent is induced by fraud. (*Julius Castle Restaurant Inc. v. Payne* (2013) 216 Cal.App.4th 1423, 1440.) The complaint alleged no such thing.

In any event, even assuming the complaint made out a misrepresentation theory—an uncertain proposition (see *Foster v. Sexton* (2021) 61 Cal.App.5th 998, 1028 [complaint for fraud or negligent misrepresentation must set forth how, when, where, to whom, and by what means the representations were made])—or breach of a common law duty of disclosure (see *Assilzadeh v. California Federal Bank* (2000) 82 Cal.App.4th 399, 410), it also put a contract theory in issue. (*See Orozco v. WPV San Jose, LLC, supra,* 36 Cal.App.5th at p. 409; *Perry, supra,* 201 Cal.App.3d at p. 338.) That Cho may also have been subject to other, noncontractual legal disclosure obligations does not, as he maintains, insulate him from potential contractual liability for breaching the purchase agreement.

Cho's reliance on *Vera v. REL-BC, LLC* (2021) 66 Cal.App.5th 57 is misplaced. There, a property buyer sued the seller for fraud and breach of contract, among other things. Applying law specific to limitations periods, the court held both claims were subject to the shorter window for fraud actions because the gravamen of the complaint was fraud. (*Id.* at pp. 65-66.)

Cho argues *Vera* is dispositive here. It is not. First, there is no basis to find the gravamen of Rubin's complaint is fraud or any other tort. Second, *Perry* strictly limited cases addressing the statutes of limitations for "hybrid" actions sounding in both tort and contract to their specific legal context, rejecting their application for purposes of section 1717. (*Perry, supra,* 201 Cal.App.3d at pp. 342-343.) This distinction is well grounded in policy. Statutes of limitations are intended to protect defendants from stale claims and encourage plaintiffs to diligently pursue claims while they are fresh. (*Norgart v. Upjohn Co.* (1999) 21

7

Cal.4th 383, 395; *Pointe San Diego Residential Community, L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP* (2011) 195 Cal.App.4th 265, 277.) In contrast, section 1717, subdivision (b)(2) was enacted to discourage plaintiffs from maintaining pointless or moot litigation. (*International Industries, Inc. v. Olen* (1978) 21 Cal.3d. 218, 224; *Santisas, supra,* 17 Cal.4th at p. 616 [noting § 1717, subd. (b) codified *Olen*].) Importing precedent from the statute of limitations context could needlessly undermine that policy.

## DISPOSITION

The order is affirmed. Costs are awarded to respondent. (Cal. Rules of Court, rule 8.278(a).)

_____
BURNS, J.

We concur:

_____
SIMONS, ACTING P.J.

_____
CHOU, J.

A165667